UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STATE OF NEVADA,<br><br>   Plaintiff(s),<br><br>   v.<br><br>TYRICE RUSSELL,<br><br>   Defendant(s). | Case No. 2:17-CV-3116 JCM (CWH)<br><br>ORDER |

Presently before the court is defendant Tyrice Russell's petition for removal. (ECF No. 1).

1. **Facts**

On December 26, 2017, the Clark County District Attorney's office filed an amended criminal complaint in Justice Court, Las Vegas Township (Case #17M26838X) consolidating all previously field cases against defendant into one. (ECF No. 1) The amended criminal complaint alleges defendant's conduct between October 25, 2017 and November 10, 2017 amounted to stalking, trespass, and obstruction. *Id.* Defendant, a "police accountability activist," video recorded police officers from outside the police station on four occasions during this time period. On two of the occasions, defendant was detained – once for matching the description of a suspect and alleged obstruction and once for alleged trespass. The state criminal proceeding is currently pending.

Defendant alleges his actions are protected under the First, Second, Fourth, and Fifth Amendments of the United States Constitution. *Id.* Accordingly, defendant seeks to remove his pending state criminal case to federal court, as "it is very important that a Federal District Court rule on these important federal, constitutional issues." *Id.*

**2. Legal Standard**

Absent extraordinary circumstances, federal courts may not interfere with pending state criminal prosecutions, even when they raise issues related to federal rights or interests. *Younger v. Harris*, 401 U.S. 37, 44 (1971). Federal courts must abstain from interfering with state prosecutions under *Younger* if:

> (1) a state initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so.

*San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) ("*San Jose*").

28 U.S.C. § 1455 provides a procedure for removal of a state criminal prosecution, but it does not authorize the substantive right of removal. Instead, a state defendant may remove only as provided in 28 U.S.C. § 1443, which permits removal by a defendant:

> (1) Against any person who is denied or cannot enforce in the courts of [a] State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

*28 U.S.C. § 1433*.

With respect to subsection (1), the Supreme Court has found that a removal petition must satisfy a two-pronged test. *Johnson v. Mississippi*, 421 U.S. 213 (1975). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Id.* at 219 (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1996). Second, a state defendant must show he cannot enforce the specified federal right in state court. *Id.*

Subsection (2), has been held available only to state and federal officers and to persons assisting such officers in the performance of their official duties. *Greenwood v. Peacock*, 384, U.S. 808, 815 (1996).

**3. Discussion**

Here, all four reasons for abstaining from interfering with state prosecutions articulated in *San Jose* are present. First, defendant's state proceeding is currently ongoing. Second, actions involving state officers clearly implicates the state's interest. Protecting police officers as well as ensuring they are acting within their authority are important state interests. Thirdly, nothing regarding the case at hand indicates the defendant will be barred from litigating federal constitutional rights at his state proceeding. Lastly, removal to federal court will have the practical effect of enjoining the state proceeding.

Additionally, defendant makes no mention of § 1443, but only cites § 1445 as grounds for removal. As stated above, § 1445 merely provides the procedure for removal. In order to take advantage of that procedure, defendant must meet the substantive requirements of § 1443. As demonstrated below in subsections (a) and (b), defendant fails to meet these requirements.

a. 28 U.S.C. § 1443 Subsection (1)

Defendant's notice of removal alleges neither racial inequality nor is a formal expression of state law preventing him from enforcing his rights in state court. Defendant merely states that his "case is more appropriately handled in [federal district court] where precedence can clearly be set." (ECF No. 1). As espoused by the court in *Georgia v. Rachel*,

> "defendants' broad contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general application available to all

**James C. Mahan**
**U.S. District Judge**

- 3 -

persons or citizens, rather than in the specific language of racial equality that § 1443 demands."

*Georgia v. Rachel*, 384 at 792.

This is identical to the case at hand. Defendant has alleged broad violations of his constitutional rights, but fails to point to instances of racial inequality required to remove a pending state case under § 1443.

Further, defendant's notice of removal does not demonstrate that the vindication of his federal rights will inevitably be denied by the very act of bringing the defendant to trial in state court. *Greenwood v. Peacock*, 384, at 827. Accordingly, defendant must pursue his rights in state court.

b. 28 U.S.C. § 1443 Subsection (2)

Defendant is a private citizen described as a "police accountability activist." (ECF No. 1). Defendant is not a state or federal officer. Defendant's conduct, criminal or not, cannot be characterized as assisting a federal officer during the course of his/her duties. As such, defendant does not satisfy the alternative basis for removal under the second subsection of § 1443.

**4. Conclusion**

Because defendant's notice of removal fails to satisfy § 1443 and satisfies all of the factors articulated in *San Jose*, defendant has not adequately demonstrated grounds for removal to federal court.

While defendant does submit his notice of removal pursuant to 42 U.S.C. § 1983 (in addition to 28 U.S.C. § 1445), he fails to mention § 1983 again, let alone explain how his civil rights have been violated. Instead, defendant broadly cites several violations of his federal constitutional rights as the bases for removal. 42 U.S.C. § 1983 *can* satisfy 28 U.S.C. § 1443 for

purposes of removal (*Georgia v. Rachel*, 384 at 792), but defendant makes no mention in his petition of violations of his civil rights, particularly those based on race.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's notice of removal (ECF No. 1) be, and the same hereby is, denied.

DATED January 8, 2018.

                                                                              */s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE